IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80866 |
| | ) | |
| DAVID LEE KNOELL | ) | CH. 13 |
| | ) | |
| Debtor(s) | ) | Filing No. 59 |

## ORDER

Hearing was held in Omaha, Nebraska, on February 4, 2008, regarding Filing No. 59, Motion for Sanctions, filed by the debtor. Micaela Brandt appeared for the debtor, and no appearance was made for Credit Acceptance Corp.

This Chapter 13 case was filed in June 2006. Credit Acceptance Corp. has a security interest in a vehicle owned by the debtor which secures a promissory note obligation of the debtor to Credit Acceptance Corp.

Credit Acceptance Corp. filed a Proof of Claim in the amount of $3,167.26 which was allowed as a secured claim to be paid through the plan.

Without obtaining relief from the automatic stay, Credit Acceptance Corp., through its repossession agent, over the verbal protests of the debtor and counsel for the debtor, took possession of the vehicle on January 26, 2008.

Despite an employee of the creditor being informed of the bankruptcy filing and the age of the case, Credit Acceptance Corp. took no affirmative action to release the vehicle to the debtor until January 29, 2008. That delivery to the debtor occurred following the filing of the motion for turnover and the order entered directing turnover by February 1, 2008.

The Bankruptcy Code, at 11 U.S.C. § 362(k), provides that an individual injured by any willful violation of a stay provided by § 362 shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Credit Acceptance Corp. had notice of a hearing to be held on February 4, 2008, at which time sanctions would be discussed. Credit Acceptance Corp. did not appear at that hearing. The court directed counsel for the debtor to prepare an itemized statement of attorney fees and costs, plus any actual monetary damages incurred by the debtor as a result of the violation of the automatic stay. The itemized statement was filed at Filing No. 63 on February 5, 2008. It shows total attorney fees incurred as a result of a violation of the automatic stay in the amount of $1,003.50. The debtor incurred no other monetary damages.

Pursuant to the statutory authority referred to above, monetary sanctions in the amount of $1,003.50 are imposed upon Credit Acceptance Corp. for a willful violation of § 362 of the Bankruptcy Code.

IT IS ORDERED that the debtor's counsel is directed to provide a copy of the itemized statement and this order to Credit Acceptance Corp., through its registered agent, if any; through its claims and recovery department, and through its corporate headquarters. If Credit Acceptance

Corp. makes full payment of the sanction amount to the debtor, through counsel, by February 28, 2008, no further sanctions shall be imposed.  However, if the funds are not received by February 28, 2008, counsel for the debtor is directed to inform the court and further sanctions will be imposed, including, but not limited to, the entry of a judgment in favor of the debtor and against Credit Acceptance Corp., and the possibility of a complete disallowance of the claim filed by Credit Acceptance Corp., plus an order for a release of the lien.

DATED: February 14, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Micaela Brandt
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice of this order if required by rule or statute.